**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LLOYD KELLEY** | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | |
| | § | **CIVIL ACTION NO. H-4:22-cv-2175** |
| **JOE SAENZ, JOSEPH C. HIBBARD,** | § | |
| **JOHN BRANNON, WAYNE DOLCEFINO,** | § | |
| **CHRISTOPHER RAMEY, SCOTT** | § | |
| **BREITENWISCHER, MARC SHERRIN,** | § | |
| **AND SALVADOR BALLESTEROS** | § | |
| **Defendants** | § | |

**DEFENDANTS RAMEY AND BREITENWISCHER'S AMENDED ANSWER,**
**CROSS CLAIM, AND COUNTERCLAIM**

Defendants Christopher "C.B." Ramey and Scott Breitenwischer (collectively "Ramey and Breitenwischer") file this Original Answer to Plaintiff Lloyd Kelley's Original Complaint, and respectfully show the Court as follows:

**A. Admissions and Denials**

In response to Plaintiff's allegations in his Original Complaint, Ramey and Breitenwischer avers as follows:

1.     Ramey and Breitenwischer deny the allegations in Paragraph 1.

2.     Ramey and Breitenwischer deny the allegations in Paragraph 2.

3.     Ramey and Breitenwischer cannot admit or deny the allegations in Paragraph 3, other than that Kelley has always represented that he was a resident of Texas.

4.     Paragraph 4 correctly states Ramey and Breitenwischer's business address, otherwise cannot admit or deny.

5.    Ramey and Breitenwischer deny that the Court has jurisdiction over this matter or that diversity exists.

6.    Ramey and Breitenwischer deny that the Court has jurisdiction over this matter or that diversity exists.

7.    Ramey and Breitenwischer admit that at various times, Plaintiff has admitted and or also denied representing Jetall, 2017 Yale, and Choudhri; otherwise deny the allegations in Paragraph 7.

8.    Ramey and Breitenwischer admit that Jetall Companies sued Chris Wyatt and obtained a restraining order regarding confidential company information at some time in 2021, but deny the remaining allegations in paragraph 8.

9.    Ramey and Breitenwischer deny the allegations in Paragraph 9.

10.    Ramey and Breitenwischer deny the allegation in paragraph 10.

11.    Ramey and Breitenwischer deny the allegations made in paragraph 11.

12.    Ramey and Breitenwischer deny the allegations made in paragraph 12.

13.    The allegations in paragraph 13 do not require an answer.

14.    The allegations in paragraph 14 do not require an answer but deny any relief is warranted.

15.    Ramey and Breitenwischer deny the allegation made in paragraph 15.

16.    Ramey and Breitenwischer deny the allegations made in paragraphs 16 and those claims have been dismissed.

17.    Ramey and Breitenwischer deny the allegations made in paragraphs 17 and those claims have been dismissed.

18.    Ramey and Breitenwischer deny the allegations made in paragraph 18 and those claims have been dismissed.

19.    Ramey and Breitenwischer deny the allegations made in paragraph 19 and those claims have been dismissed.

20.    Ramey and Breitenwischer deny the allegations made in paragraph 20 and those claims have been dismissed.

21.    Ramey and Breitenwischer deny the allegations made in paragraph 21 and those claims have been dismissed.

22.    Ramey and Breitenwischer deny the allegations made in paragraph 22 and those claims have been dismissed.

23.    Ramey and Breitenwischer deny the allegations made in paragraph 23 and those claims have been dismissed.

24.    Ramey and Breitenwischer deny the allegations made in paragraph 24 and those claims have been dismissed.

25.    Ramey and Breitenwischer deny the allegations made in paragraph 25 and those claims have been dismissed.

26.    Ramey and Breitenwischer deny the allegations made in paragraph 26 and those claims have been dismissed.

27.     Ramey and Breitenwischer deny the allegations made in paragraph 27 and those claims have been dismissed.

28.     Ramey and Breitenwischer deny the allegations made in paragraph 28 and those claims have been dismissed.

29.     Ramey and Breitenwischer deny the allegations made in paragraph 29 and those claims have been dismissed.

30.     Ramey and Breitenwischer deny the allegations made in paragraph 30 and those claims have been dismissed.

31.     Ramey and Breitenwischer deny the allegations made in paragraph 31 and those claims have been dismissed.

32.     Ramey and Breitenwischer deny the allegations made in paragraph 32 and those claims have been dismissed.

33.     Ramey and Breitenwischer deny the allegations made in paragraph 33 and those claims have been dismissed.

34.     Ramey and Breitenwischer deny the allegations made in paragraph 34 and those claims have been dismissed.

35.     Ramey and Breitenwischer deny the allegations made in paragraph 35 and those claims have been dismissed.

36.     Ramey and Breitenwischer deny the allegations made in paragraph 36 and those claims have been dismissed.

37.     Ramey and Breitenwischer deny the allegations made in paragraph 37 and those claims have been dismissed.

38.     Ramey and Breitenwischer deny the allegations made in paragraph 38 and those claims have been dismissed.

39.     Ramey and Breitenwischer deny the allegations made in paragraph 39 and those claims have been dismissed.

40.     Ramey and Breitenwischer deny the allegations made in paragraph 40 and those claims have been dismissed.

41.     Ramey and Breitenwischer deny the allegations made in paragraph 41 and those claims have been dismissed.

42.     Ramey and Breitenwischer deny the allegations made in paragraph 42 and those claims have been dismissed.

43.     Ramey and Breitenwischer deny the allegations made in paragraph 43 and those claims have been dismissed.

44.     Ramey and Breitenwischer deny the allegations made in paragraph 44 and those claims have been dismissed.

45.     Ramey and Breitenwischer deny the allegations made in paragraph 45 and those claims have been dismissed.

46.     Ramey and Breitenwischer deny the allegations made in paragraph 46 and those claims have been dismissed.

47.     Ramey and Breitenwischer deny the allegations made in paragraph 47 and those claims have been dismissed.

48.     The allegations in paragraph 48 do not require an answer.

49.     Ramey and Breitenwischer deny the allegations made in paragraph 49.

50.     Ramey and Breitenwischer deny the allegations made in paragraph 50.

51.     Ramey and Breitenwischer deny the allegations made in paragraph 51.

52.     Ramey and Breitenwischer deny the allegations made in paragraph 52 and those claims have been dismissed.

53.     Ramey and Breitenwischer deny the allegations made in paragraphs 53 and those claims have been dismissed.

54.     Ramey and Breitenwischer deny the allegations made in paragraph 54.

55.     Ramey and Breitenwischer deny the allegations made in paragraph 55.

56.     Ramey and Breitenwischer deny the allegations made in paragraph 56.

57.     Ramey and Breitenwischer deny the allegations made in paragraph 57.

## DEFENSES

By further pleading, if necessary, Ramey and Breitenwischer assert the following defenses. By pleading these defenses, Ramey and Breitenwischer do not assume the burden of proof under applicable law. In fact, it is Plaintiff's burden to disprove most of these defenses.  Further, Ramey and Breitenwischer further hereby fully incorporate all arguments,

evidence, exhibits and authority previously set forth in Docket Nos. 23, and other prior pleadings.

### 1. *Defenses – Electronic Communications Act a/k/a the Federal Wiretap Act and the Texas Wiretap Act—TEX. CIV. PRAC. & REM. CODE. § 123.001 et seq.*

1. The interception of the communications at issue was not illegal and did not violate the Federal and Texas Wiretap Acts because the interception and recording of communications at issue was consented to by Ali Choudhri and Chris Wyatt, who recorded the communications with his cell phone and was present during the communications.

2. Ramey and Breitenwischer have no liability under the Federal and Texas Wiretap Acts because Ramey and Breitenwischer did not know or have reason to know that the interception of the communications at issue was illegal or violated the Acts. Before Ramey and Breitenwischer made any use of or disclosed the recordings, Ramey and Breitenwischer were provided with reliable evidence that the interception and recording of the communications at issue was consented to by Ali Choudhri and Chris Wyatt.

3. Any violation of the Federal and Texas Wiretap Acts by Ramey and Breitenwischer was not intentional.

4. Ramey and Breitenwischer's use of the recordings of the communications at issue as evidence in an arbitration proceeding is protected by the attorney-immunity and the judicial proceedings privilege, which affords absolute immunity to statements made during a quasi-judicial proceeding, such as arbitration.

5. Ramey and Breitenwischer's limited use of and disclosure of the communications at issue did not cause Plaintiff any actual damages, and Ramey and Breitenwischer did not make any profits as a result of any violation of the Federal and Texas Wiretap Acts.

6.     Plaintiff is not entitled to recover any attorney's fees, either under the acts and also because he represents himself pro se.

7.     Ramey and Breitenwischer deny they participated in any conspiracy to commit unlawful acts against Plaintiff.

8.     Ramey and Breitenwischer deny that they were members of a combination of two or more persons, the object of which was to accomplish an unlawful purpose, or a lawful purpose by unlawful means, the members had a meeting of the minds on the object or course of action, one of the members committed an unlawful, overt act to further the object or course of action, and the Plaintiff suffered injury as a proximate result of the wrongful act.   No underlying tort or wrongful conduct exists to support any conspiracy.

9.     Ramey and Breitenwischer deny that they entered into a written agreement with anyone to commit any unlawful act against Plaintiff.

10.     Ramey and Breitenwischer deny that they aided or abetted the commission of any tort against Plaintiff.

11.     Plaintiff Kelley cannot prove any element of the causes of action plead, or in particular that Movants knew of sufficient facts concerning the circumstances of the interception such that the Defendants should have determined that the use was prohibited.   *Thompson v. Dulaney*, 970 F.2d 744, 749 (10th Cir. 1992); *Forsyth v. Barr*, 19 F.3d 1527, 1538 (5th Cir. 1994).   Defendants had no reason to know or suspect that the Wyatt tapes were recorded without the consent of any of the persons who were present.   *See* 18 U.S.C. §2511 and Tex. Civ. Prac. & Rem. Code § 123.001 and § 123.002.     Plaintiff cannot prove that the Defendants had notice that no one present consented to the interception.   *See McKenna and*

*Fishman, Wiretapping and Eavesdropping § 3:7. Mens rea element.* "It must be shown that defendant knew that neither party to the intercepted conversation consented to the interception." *Forsyth v. Barr*, 19 F.3d 1527,n.21(5th Cir. 1994). Defendants, as an attorney using evidence, should be able to give the person recording the conversation the benefit of the doubt. *United States v. Wuliger*, 981 F.2d 1497, 1505 (6th Cir. 1992). An attorney's professional duties not to prejudge the merits of sworn factual allegations, to zealously represent his clients, and professional duty to present any evidence or theory which is arguably viable in favor of his clients is a factor in determining whether there is "reason to know" that recorded information is illegal. *Id.* Wiretap violations require proof of a scienter requirement that the defendant acted in bad faith, and does not allow liability for even negligent conduct. *McKenna and Fishman, Wiretapping and Eavesdropping § 2:120;  See also United States v. Biro*, 143 F.3d 1421, 1429 (11th Cir. 1998).

### 2. *Defenses – Principal-Agent Liability*

12.    Ramey and Breitenwischer deny that they acted as an agents for anyone other than as litigation counsel for Sherrin, Saenz, Hibbard and Ballesteros  in any of the matters that Plaintiff has alleged.

13.    All other claims have been dismissed by the Court.

14.    Plaintiff is not entitled to recover exemplary damages against Ramey and Breitenwischer because there is no clear and convincing evidence that he has been harmed by any fraud, malice, or gross negligence of Ramey and Breitenwischer. *See* TEX. CIV. PRAC. & REM. CODE §41.003.

### 3. *Defenses – Judicial admissions*

15.     The doctrine of judicial admissions precludes a litigant from asserting a position that is inconsistent with a position that the litigant or its privy asserted in a prior testimony, pleading, legal argument, or brief which has received judicial acceptance. *Id*. The litigant need not have been a litigant to the prior proceeding.  *See Federal Deposit Ins. Corp. v. Mmahat,* 907 F.2d 546 at 553 (5th Cir. 1990); *American Sav. & Loan v. Misick*, 531 S.W.2d 581 (Tex. 1982).  31 *C.J.S. Estoppel* §117 at 626; *Transamerica Ins. Co v. Johnson Service Co*., No.73-1108 (5th Cir.)(quoting *Long v. Knox*, 291 S.W.2d 292, 295.

16.     A judicial admission results when a litigant fails properly to deny another litigant's allegation.  31A C.*J.S. Evidence* § 381(c)); *see Schott Motorcycle Supply, Inc. v. American Honda Motor Co., Inc*., 976 F.2d 58, 61 (1st Cir. 1992); *Missouri Housing Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir. 1990); *Wheeler v. John Deere Co*., 935 F.2d 1090, 1097-99 (10th Cir. 1991); *E-Tex Dairy Queen, Inc. v. Adai*r, 566 S.W.2d 37, 39 (Tex. 1978); 31A *C.J.S. Evidence* § 381(d); *Deputron v. Young*, 134 U.S. 241 (1890).   A party's failure to respond to a communication is admissible whenever "the party would under all circumstances naturally be expected" to respond. *See Graham, Federal Practice and Procedure*, Evidence § 6721 at 497-98 (1992)(citing *McCormick,* Evidence § 262 at 177-78 (4th ed. 1992)).  Kelley failed to controvert the legality of Wyatt's tapes in any of the prior litigated cases since they were filed in dispositive pleadings in July of 2021, and has judicially admitted their legality.

### 4. *Defenses – Immunity*

17.     "Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are

made." *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 485 n.12 (Tex. 2015). The privilege also prohibits "any tort litigation based on the content of the communication." *Collins v. Zolnier*, No. 09-17-00418-CV, WL 2292333, at *3 (Tex. App.—Beaumont 2019, pet. denied). The judicial proceedings privilege is absolute and covers "any statement made by…counsel…, and attaches to all aspects of the proceedings, including statements made in open court, pretrial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James*, 637 S.W.2d at 916–17. The privilege promotes "full and free disclosure of information...by participants in judicial proceedings." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015); *see also Bird v. W.C.*W., 868 S.W.2d 767, 772 (Tex. 1994) ("[T]he administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits."). The only use Defendants made of the recordings was filing them as evidence in their related lawsuits. This use is protected even if they had been obtained illegally.

18.    Attorney immunity is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." "[A]ttorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Id*. Attorney immunity is "intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id*. Conduct by an attorney "is not actionable if it is part of the discharge of the lawyer's duties in representing his or her client." *Id*. (quoting *Toles v. Toles*, 113 S.W.3d 899, 911 (Tex. App.-Dallas 2003, no pet.)). The filing of pleadings and evidence and motions in Court or in other proceedings is <u>always absolutely</u> privileged by complete immunity from suit. *Id*; *Rogers v. Cassidy*, 946 S.W.2d 439 (Tex.

App.— Corpus Christi 1997) (disapproved of on other grounds by *Huckabee v. Time Warner Entertainment Co. L.P.*, 19 S.W.3d 413 (Tex. 2000)); *Thomas v. Bracey*, 940 S.W.2d 340 (Tex. App.— San Antonio 1997); *Darrah v. Hinds*, 720 S.W.2d 689 (Tex. App.—Fort Worth 1986), writ refused n.r.e.; *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1977). Even otherwise wrongful conduct by an attorney "is not actionable if it is part of the discharge of the lawyer's duties in representing his or her client." *Id.* (quoting *Toles v. Toles*, 113 S.W.3d 899, 911 (Tex. App.—Dallas 2003, no pet.)). Attorneys are shielded from liability to non-clients for their actions when those actions "qualify as 'the kind of conduct in which an attorney engages when discharging his duties to his client.'" *Cantey Hanger, LLP v. Byrd,* 467 S.W.3d 477, 481 (Tex. 2015)); *Sullo v. Kubosh*, 616 S.W.3d 869, 896 (Tex. App. 2020), reh'g denied (Dec. 31, 2020). Movants have absolute immunity from Plaintiff's suit as to all state claims. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346-47 (5th Cir. 2016). Texas's wiretap statute did not preclude father's attorney from asserting common-law attorney-immunity defense

### 5. *Defenses – Estoppel, Illegality, and unclean hands*

19.    Plaintiff's conduct is barred by estoppel, illegality and unclean hands. The conversation recorded involves plotting or reciting past actions that constitute crimes, fraud, and other torts, and cannot maintain or support this action.

### Res Judicata, Collateral Estoppel, Claims & Issue Preclusion, Laches and Limitations

20.    Plaintiff Kelley appeared in a hearing in July of 2021 as counsel in a suit in which Ali Choudhri's company Jetall sued the witness who recorded the conversations at issue in this case, Chris Wyatt, in State Court over these same recordings and uses. That case was

dismissed in 2023 after Choudhri was ordered and refused to appear for a deposition - Cause Number 2021-00192 in Harris County, Texas.    Wyatt's own counsel filed a response confirming these tapes were legally obtained, authentic, and admissible – which issues and authority are identical to the defenses in this suit.    Kelley and Choudhri unsuccessfully tried to claim that the tapes were trade secrets, hoping to export a trade secret ruling against the use of the audiotapes to all of the Courts, in order to avoid justice that fashion.

21.    Plaintiff also filed counterclaim/third party claims based on identical factual allegations, regarding the same recordings and uses, and most of the same causes of action against Defendants Ramey and Sherrin on November 7, 2022. *See* Dkt No. 164 in Case 4:22-cv-00905.

22.    These claims were resolved by dismissal and/or final judgment against Plaintiff Kelley in that case.  These third party claims also included Lanzetti and Metler, who are Defendants in the 4:22-cv-2168 related case, supra.

23.    Choudhri and related entities, in conjunction with Plaintiff Kelley apparently as counsel on and off or at various times, also sued Chris Wyatt, Defendant Ramey, and others for these same uses of the same tapes and related information multiple additional times, as additional counterclaims or third party claims in 2022, in Case 4:22-cv-00905, all of which were dismissed or subject to judgment against the Plaintiffs therein in 2025.

24.    Further, the Trustee selected by Choudhri and Kelley on the recordings has been adjudicated to have been a sham Trustee in Cause No. 3:19-cv-00249.

These claims were filed again by Choudhri against Wyatt again in Cause No. 2024-72879 in Harris County.

25.     Plaintiff Kelley also refiled essentially this same case three more times in three more different cause numbers –

    1. This case;

    2. Case 4:22-cv-02168 against Lanzetti, Metler, Uglum, Pilgeram, Zupanc, and Mead, pending;

    3.  as counter, third party or cross claims in 4:22:CV:00905.

    4. Case 4:23-cv-00807 against Randall Sorrels and Sorrels Law, pending.

These cases all arise from the same use of the same recordings.   Limitations also applies.

### 6.  *Defenses – No Damages, Failure to Mitigate, waiver and consent*

26.     Defendants contend Plaintiff has failed to reasonably, properly or adequately mitigate his damages, and that Plaintiff's damages, if any, should be barred or reduced accordingly. Plaintiff knowingly litigated numerous matters adjudicating these issues for years in numerous Courts, without alleging illegality.  Plaintiff admitted that he had no damages on the record.  Further, the cases where the evidence was properly reviewed resulted in no judgments against Kelley.  Plaintiff waived and consented to the use of the recordings, as he failed to object, refute, or respond to their use or their contents in numerous cause numbers in which they were filed.

### 7.  *Defenses – Failure to join necessary parties*

27.     All allegations of Plaintiff are predicated upon the acts of other parties not sued herein by Plaintiff.  Chris Wyatt and numerous attorneys on his behalf gave affidavits, presented witnesses  and/or gave deposition testimony, and/or filed pleadings in other cases, all alleging under oath evidence or allegations proving that these recordings were legally made and used.

28.     On information and belief, Hayden Wyatt may have also testified that the recordings at issue were legally obtained, and was alleged by Choudhri to have participated in obtaining the recordings.  Ali Choudhri was on the recorded call and instructed Wyatt by texts produced by Wyatt ordering Wyatt to record the calls.  Randall Sorrells was wrongfully sued on identical claims in a simultaneous action in this court.   The following parties agreed to indemnify Ramey and Breitenwischer and further directed Ramey and Breitenwischer to obtain, and file the recordings, after being presented with the research and documentation confirming that the recordings were legal:  Steadfast 829 Yale Holdings, Inc., Steadfast Funding, LLC,  Carl Marc Sherrin, Jr., Initram, Inc., RJL Realty, LLC, Eternal Investments, LLC, Bruce Robinson, Tasha K. Jahn, Trustee of the Pilgeram Family Trust, Joseph C. Hibbard, Kornelia Peasley-Brown, Salvador Ballesteros, Richard R. Melter, Trustee of the Richard R. Melter Revocable Living Trust, Liberty Trust Company, LTD Custodian FBO Vincent Paul Mazzeo, Jr., IRA, Inspira Financial Trust, LLC FBO Vincent Paul Mazzeo, Jr. Traditional IRA, Joe Saenz, Patrick Grosse, Trustee of the Grosse Family Trust Dated 12/31/2004, Eric Verhaeghe, Stephen K. Zupanc, Liberty Trust Company, LTD, Custodian FBO Adam K. Hruby IRA #TC005383, Inspira Financial Trust LLC FBO Adam Hruby Roth IRA, Vincent Investments, Inc. AKA Vincent Investments, Equity Trust Company Custodian FBO Stephen (Steven) Krieger IRA, Julio M. Schnars, Joseph Dersham, Joyce Dersham, Walter Kaffenberger, Christel Kaffenberger, Mike Berres, Jason Sun, Equity Trust Company Custodian FBO Erica Ross-Krieger IRA, Elm 401K-PSP, Laurel Mead and Edwin A. Mead, Trustees and James T. Smith, Trustee of the James T. Smith Trust, Inspira Financial Trust, LLC FBO Vincent Paul Mazzeo, Jr. Traditional IRA, and Inspira Financial Trust LLC FBO

Adam Hruby Roth IRA; the Estate of Dale Pilgeram, via its Unknown Fiduciary, Tasha K. Jahn, LL.M Trustee of the Pilgeram Family Trust, Keith Hruby, Vincent Paul Mazzeo, Jr., Riley Uglum, Richard Metler, Patrick Grosse, Ouida Vincent, Steven Krieger,  Erica Ross-Krieger, Laurel Mead and Edwin A. Mead, James T. Smith, Ringo Lanzetti, Wes Stoner. These are all necessary parties hereto and also responsible third parties under Texas Civil Practice & Remedies Code Section 33 to the extent applicable, if any.

### 8. Frivolous Pleadings

29.    Plaintiff has no good faith basis in law or fact for asserting that Defendants knew of any illegality in their use of the recorded Statements, admitted he has no damages, and was aware of these facts in his prior lawsuits from 2021 and thereafter.  Further, the cases where the evidence was properly reviewed resulted in no judgments against Kelley and therefore no damages.

## COUNTERCLAIMS

### 9.  Declaratory Judgment

30.    Defendants request Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, as an actual justiciable controversy exists, within the jurisdiction of the Court, and this issue is dispositive of all of Plaintiff's claims in this case and will "terminate the controversy."  Defendants possessed affirmative sworn testimony, together with all relevant circumstances, proving that Wyatt recorded Plaintiff legally, prior to their receipt or use of the tapes recording Plaintiff's schemes.   Relevant authority provides that these facts extinguish Plaintiffs' claims as a matter of law, regardless of the veracity of statements by Wyatt (which were certainly true anyway), and this Court and the 5th Circuit should adjudicate in

accord with that sound jurisprudence.  Further, Plaintiff's admission of lack of damages, and the failure of any legal ramifications for Plaintiff's recordings, renders all requested relief moot.  It is further admitted that the sole use of the recordings by Defendants was filed as evidence in the scope of their duties as litigation counsel for victims of Plaintiff, and as such, no remedy exists at law or in equity for Plaintiff.  Defendants are entitled to recover their attorney's fees arising hereunder. This Court has supplemental jurisdiction over the claims asserted herein because they arise out of the same case or controversy, and Counter-Plaintiffs seek declaratory relief under 28 U.S.C. sections 2201 and 2202 and Federal Rule of Civil Procedure 57.

### 10. Defamation:

31.    Plaintiff falsely accused Defendants of criminal conduct, violating the wiretap act among other things, and published false statements about Defendants (i) that were defamatory (ii) while acting with either actual malice, or negligence, regarding the truth of the statement.

32.    Kelley accused Ramey and Breitenwischer of criminal, unethical, and professionally dishonest conduct, including demonstrably false accusations that Ramey induced or suborned perjury, doctored tapes, drafted false declarations, falsified declarations, stole or laundered communications.

33.    Those accusations are false. Ramey and Breitenwischer deny that they doctored any recordings, induced or suborned perjury, drafted false declarations, stole communications, laundered communications, or otherwise engaged in criminal or professionally dishonest conduct.

34.    Kelley published or caused the publication of one or more of those accusations to third parties, including but not limited to the following extra-judicial publications or republications, together with likely more to be discovered;  Hayden Wyatt, Wayne Dolcefino, David Alvarez, and others.

35.    Kelley knew the accusations were false, or at minimum acted with reckless disregard for their truth or falsity, because he had long possessed contrary information and because the accusations concerned matters on which Kelley himself had direct knowledge, including the source of the recordings, the existence of declarations and contrary testimony, and the identity of the persons who prepared or filed various declarations or transcripts.

36.    Kelley made, authorized, or ratified the statements with the intent to injure Ramey and Breitenwischer in their reputation, legal practice, and profession, and to deter clients, witnesses, and others from dealing with them.

37.    The statements have injured and continue to injure Ramey and Breitenwischer in their good name, professional standing, and business reputation, and have caused past and future damages in amounts to be proven at trial.

38.    Those statements are defamatory per se because they accuse Ramey and Breitenwischer of criminal conduct, professional dishonesty, and a lack of integrity in the practice of law, and they tend to injure Counter-Plaintiffs in their office, profession, or occupation.

39.    As a result of Kelley's defamation, Ramey and Breitenwischer have suffered actual, general, presumed, special, and consequential damages in an amount to be determined by the

trier of fact. Because Kelley acted knowingly, intentionally, and with malice, Counter-Plaintiffs also seek exemplary damages to the extent permitted by law.

## CROSS CLAIMS

40.     Defendants Joe Saenz, Joseph C. Hibbard, Marc Sherrin,  and Salvador Ballesteros agreed to indemnify Ramey and Breitenwischer to the maximum extent allowed by law.  All Cross-Defendants have appeared herein.  Defendants are entitled to their attorney's fees hereunder arising from contract as well as T.C.P.R.C. 38.

## DAMAGES

41.     As a result of Cross-and- Plaintiffs/Counter -Defendants' aforementioned actions and misconduct, Defendants[1] have suffered damages in excess of $75,000. Defendants seek recovery of reasonable attorney's fees pursuant to enforce the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, and the TEX. CIV. PRAC. & REM. CODE § 123.002 et seq. (civil enforcement of Texas Penal Code § 16.02) the Texas statutory regime set forth above, pursuant to F.R.C.P. 57 and 28 U.S.C. sections 2201 and 2202, and by agreement against Cross-Defendants.

## <u>PRAYER</u>

WHEREFORE,   PREMISES   CONSIDERED,   Defendants   Ramey   and Breitenwischer, pray that the Plaintiff takes nothing, and dismiss all claims against them, with prejudice, assess Defendants' costs and expenses against Plaintiff.   Defendants further request Declaratory Judgment against Plaintiff and all claims herein as set forth in this counterclaim, including but not limited to adjudication that;  relevant authority provides that

---

[1] In their capacity as Counter and Cross-Plaintiffs, but will be referred to herein as Defendants for clarity.

the Defendants' evidence proving legality of the recordings prior to their use extinguishes Plaintiff's claims as a matter of law, and this Court and the 5th Circuit should adjudicate in accord with that sound juris-prudence.  Further, Defendants seek adjudication that Plaintiff's admission of lack of damages, and the failure of any legal ramifications for Plaintiff's recordings, renders all of Plaintiff's requested relief moot.  Defendants further request adjudication that because their sole use of the recordings was to be filed as evidence in court, within the scope of their duties as litigation counsel for victims of Plaintiff, and as such, no remedy exists at law or in equity to support Plaintiff's Complaint.  Defendants further request judgment awarding all actual, compensatory, and consequential damages against Plaintiff/Counter-Defendant proven and supported by the pleadings, together with prejudgment and post judgment interest as provided by law; Defendants' attorney's fees; costs of suit;  all punitive, statutory and exemplary damages and remedies against Plaintiff /Counter Defendant and cross Defendants proven and supported by the pleadings; and for such other and further relief, at law or in equity, both general and special, to which they may be entitled.

Respectfully submitted,

**RB LEGAL GROUP, PLLC**

/s/ Christopher Ramey

_____

Christopher Ramey
FBN:  2506
SBN:  00791480
Scott Breitenwischer
SBN: 02947695
215 S. 4th Street
Wallis, TX 77485
713/974-1333 (Telephone)
713/974-5333 (Facsimile)
Ramey@RBLegalGroup.com

20

SBreitenwischer@RBLegalGroup.com
Notice@RBLegalGroup.com
**COUNSEL FOR DEFENDANTS,
CHRISTOPHER RAMEY AND SCOTT
BREITENWISCHER**

**<u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>**
**The following is the undersigned attorney's
designated e-service email address for all eserved
documents and notices, filed and unfiled, pursuant
to TEX. R. CIV. P. 21(f)(2) & 21(a) and FED. R. CIV.
P. 5:**
NOTICE@RBLEGALGROUP.COM**. This is the
undersigned's only e-service email address, and
service through any other email address will be
considered invalid.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2026, my office served a true and correct copy of the foregoing instrument in accordance with the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System, which will automatically serve a notice of electronic filing to the following counsel of record:

Lloyd Earl Kelley
The Kelley Law Firm
2726 Bissonnet, Suite 240, PMB 12
Houston, TX 77005
kelley@lloydekelley.com
ATTORNEY FOR DEFENDANT
LLOYD KELLEY

Jeff Diamant
909 Fannin St., Suite 2615
Houston, TX 77010
jeff@jeffdiamantlaw.com
ATTORNEY FOR DOLCEFINO
COMMUNICATIONS

Rodney Drinnon, Lead Counsel
McCathern Houston
2000 West Loop South, Ste. 1850
Houston TX 77027
rdrinnon@mccathernlaw.com
ATTORNEY FOR OTHER DEFENDANTS

*/s/ Christopher B. Ramey*
Christopher B. Ramey