United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD E. KELLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2175 |
| | § | |
| JOE SAENZ, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendants Christopher Ramey (Ramey) and Scott Breitenwischer's (Breitenwischer) Motion for Reconsideration (ECF No. 134) and plaintiff Lloyd Kelley's (Kelley) Response in Opposition (ECF No. 137). The motion is **DENIED** for the reasons shown below.

## I. BACKGROUND

On October 8, 2026, the Court considered defendants Ramey and Breitenwischer's motion to consolidate this lawsuit with another pending lawsuit brought by plaintiff Lloyd Kelley. Finding that defendants improperly designated the motion as an unopposed motion, the Court struck the motion without reaching the issue of consolidation.

In the instant motion for reconsideration of that order, defendants Ramey and Breitenwischer ask that the Court withdraw the order striking their motion to consolidate and that it consider and grant consolidation. Plaintiff opposes the motion to reconsider as well as the motion to consolidate.

## II. ANALYSIS

### A. Reconsideration

As an initial observation, the Court notes that it struck defendants' motion to consolidate – it did not dismiss the motion. The Court's action did not preclude defendants from filing a compliant motion to consolidate, and they were not denied any litigation rights. Defendants did not subsequently file a compliant motion and instead filed the pending motion for reconsideration.

In attempting to explain why they filed their motion to consolidate as an unopposed motion, Ramey and Breitenwischer rely on factors that this Court considered and rejected in its earlier order striking the motion. Ramey and Breitenwischer's certificate of conference had stated that they attempted to confer with the other three attorneys on the case, but that only one attorney responded and that he was unopposed to the motion. They further stated that the other two attorneys did not respond to their attempts to confer, but that one attorney "was previously unopposed to all motions but expressed no opinion on this motion during the time allotted," and that they "marked [plaintiff Kelley as] unopposed based upon his prior requests for consolidation."

The Court declined to accept the motion as unopposed, finding that only one of the three attorneys had affirmatively stated he was unopposed. It expressly rejected Ramey and Breitenwischer's argument that the non-responding attorneys were unopposed by default or because plaintiff Kelley had filed a motion to consolidate or transfer in a different case three

years earlier.[1] The Court further found that counsel were unprofessional in failing to respond to Ramey and Breitenwischer's attempts to confer, but that their silence could not be equated with lack of opposition. In short, the Court determined that Ramey and Breitenwischer's representation of the motion to consolidate as unopposed was a misrepresentation and it struck the motion.[2]

Ramey and Breitenwischer's motion for reconsideration of that order presents no facts warranting reconsideration. Nor do they proffer legal arguments that would support their claim that they designated the motion as unopposed in good faith. They correctly posit that applicable circuit precedent holds that failure to respond to a motion will be considered a statement of no opposition, citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993). This holding is also reflected in Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). However, *Banning* and Local Rule 7.4 do not state that failure to respond to an attorney's attempts to confer may be presumed as lack of opposition to a proposed motion, and defendants present no authority

---

[1]Plaintiff Kelley's 2023 motion had sought a stay to allow the undersigned judge to consider a pending motion to transfer, sever, or consolidate that had been filed in another case. (ECF No. 69.) The Court transferred relevant cases without consolidation, and plaintiff Kelley did not subsequently seek consolidation of the transferred cases. Ramey and Breitenwischer offer no support for their assertion that Kelley's 2023 motion is a "judicial admission" that their 2026 motion to consolidate should be granted, and the Court rejects their assertion. In his response in opposition to reconsideration, plaintiff Kelley opposes consolidation and notes that the parties' alignments and interests have greatly changed since 2023.

[2]Designating a motion as "opposed" or "unopposed" is not an inconsequential technicality. Courts will generally address an unopposed motion at their earliest convenience as no responses are anticipated. If a motion is incorrectly represented to the court as unopposed, it creates a risk that the court will rule before other parties can file timely objections or opposition.

holding otherwise. Neither applicable circuit precedent nor procedural rules recognize "unopposed" as the default position when counsel fails to respond to a pre-filing attempt to confer. Nor is there any requirement that all motions must be designated as either "opposed" or "unopposed." Rather, the underlying motion in such circumstances should be filed without an opposed[3] or unopposed designation, and counsel filing the motion would have the opportunity to explain the circumstances in the motion's certificate of conference.

Obviously, these situations could be avoided altogether if counsel were to comport themselves in a professional and reasonable manner by responding to such attempts to confer; lamentably, professionalism and reasonableness were not expended in this instance. Counsel should review the undersigned judge's written Court Procedures available at https://www.txs.uscourts.gov/sites/txs/files/Judge%20Ellison%20Court-Procedures%202026.pdf. Under Court Procedure 5.C.1, "Parties are expected to make a good faith effort to confer about the disposition of all pretrial motions." Under Court Procedure 5.C.6, "Counsel who repeatedly fail to return phone calls relating to the conference requirement will be asked to explain this behavior to the Court. In extreme cases, sanctions may be imposed." Should any party or attorney continue to fail to respond to reasonable requests to confer regarding pretrial motions in this case, the Court will not hesitate to enforce Rule 5.C.6.

---

[3]In filing an opposed motion, Local Rule 7.1 requires counsel to aver that he conferred with the respondent and that they cannot agree about the disposition of the motion. Although Local Rule 7.2 requires unopposed motions to be designated as such, it sets out no specific averment requirements.

B. Consolidation

Even assuming the Court were to vacate its earlier order striking the motion to consolidate, it would not be inclined to grant consolidation. Defendants move to consolidate this lawsuit with plaintiff Kelley's lawsuit in *Kelley v. Lanzetti*, C.A. No. H-22-2168 (S.D. Tex.), which is pending before the undersigned judge.

Consolidation of lawsuits in the federal district courts is governed by Federal Rule of Civil Procedure 42(a). Under Rule 42(a)(2), a court may consolidate actions if they involve a common question of law or fact. "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). In considering a motion to consolidate, a court should "rule on whether the interests of judicial economy and fundamental fairness to the parties support consolidation at [a particular] time." *Id.* at 990. Although Rule 42(a)(2) permits consolidation, it does not require consolidation, and a court has wide discretion in deciding whether to consolidate two or more cases. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

Factors for a court to consider in deciding whether consolidation is appropriate include the following: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk of inconsistent

adjudications of factual and legal issues, if the cases are handled separately, outweighs the risk of prejudice or confusion; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages of preparation. *See, e.g.*, *Wagner v. Harris County, Tex.*, C.A. No. 4:23-CV-2886, 2025 WL 950088, at *2 (S.D. Tex. Mar. 28, 2025); *David H. Russell Fam. Ltd. P'ship, LLLP v. Dernick*, No. 4:17-CV-1230, 2018 WL 8733161, at *1 (S.D. Tex. Mar. 7, 2018).

Although both cases are pending before the undersigned judge, the cases are at different stages of preparation. Here, dispositive motions have been filed and denied, discovery is closed, and a jury trial is set for December 14, 2026. On the other hand, discovery in *Lanzetti* will not close until December 7, 2026, dispositive motions are not due until January 8, 2027, and trial is set for March 15, 2027. Significantly, there are no common parties in the two lawsuits other than plaintiff Kelley. There is some overlap between the two cases, but the lawsuits are substantially controlled by different questions of law and fact. Various cross-claims and counterclaims have been raised in the instant lawsuit that are not germane to *Lanzetti*. The Court is not persuaded that the differences in the cases are outweighed by the commonalities. Moreover, the Court is concerned that joining plaintiff's claims against the seven defendants in the instant case with his claims against six different defendants in *Lanzetti* will cause a considerable risk of prejudice and confusion. The Court is not convinced that consolidation would conserve judicial resources, as combining the cases would halve the number of lawsuits but significantly increase the complexity of the resultant

lawsuit and trial. There is no indication that consolidating the two cases would reduce the overall time and cost of handling the cases separately, and the Court doubts that it would.

In sum, the salient factors and considerations weigh against consolidation. Should any issue in common be determined by the jury or Court in the instant case that would apply to trial in *Lanzetti*, the Court will consider any limiting effect of such determination at a later date following the filing of an appropriate and timely motion.

## III. CONCLUSION

For the above reasons, defendants Christopher Ramey and Scott Breitenwischer's Motion for Reconsideration (ECF No. 134) is **DENIED**.

Signed at Houston, Texas, on this the 23rd day of November, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE